FILED
JUL 23 2014
CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

THOMAS E. PEREZ, SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR, )
)
          Plaintiff, )
)
v. ) Civil Action No. 4:14CV93
)
MERRYMAN GROUNDS )
MAINTENANCE, INC., and )
DAVID MERRYMAN, individually, )
)
          Defendants. )

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act."

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Merryman Grounds Maintenance, Inc. ("MGM") has been and, at all times hereinafter referenced, was registered as a corporation in Virginia since 1995 under the ownership of Mr. David Merryman, who is the President and sole owner of the corporation. MGM is a Class A Licensed Contractor specializing in commercial and residential landscaping services. It is located at 10 Ranhorne Court, Hampton, VA 23661, which is within the jurisdiction of this Court.

III.

Defendant David Merryman is and, at all times hereinafter referenced, was the President and owner of MGM, a business within the jurisdiction of this Court. He signs checks on behalf of MGM and is involved in the company's hiring. Mr. Merryman has acted directly or indirectly in his interest and in the interest of MGM in relation to its employees at all times relevant herein.

IV.

The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

V.

From 2009 through July 2012, Defendants had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; had an annual gross volume sales made or business done of not less than $500,000; and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, thereby affording coverage over all their employees for the Plaintiff's investigation period of July 28, 2009, through July 14, 2012.

VI.

Defendants were made aware of their obligations under the Act by circumstances including, but not limited to, a prior investigation conducted in 2001 by the United States Department of Labor, Wage and Hour Administration, into Defendants' minimum wage, overtime, and recordkeeping practices.

VII.

Defendants have since July 28, 2009, repeatedly and knowingly violated the provisions of Section 6 and 15(a)(2) of the Act by failing to pay certain employees, for their employment in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, wages of at least the statutory minimum rate of $7.25 per hour.

VIII.

The minimum wage violations by Defendants resulted from but are not limited to the following practices:

   a. Defendants misclassified certain present and former employee(s) as independent contractors, rather than as employees;

   b. Defendants failed to pay certain present and former employee(s) at least minimum wage for all hours worked by not paying certain present and former employee(s) any pay for certain hours worked.

   c. Defendants made improper deductions from the wages of present and former employee(s).

IX.

Defendants have, since July 28, 2009, repeatedly and knowingly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, for workweeks longer than forty (40) hours per week without compensating said employees in such workweeks at rates of at least one-and-one-half times the regular rates at which they were and are employed in that Defendants did not pay certain current

and former employees one-and-one-half the applicable regular rate when they worked in excess of forty (40) hours in a workweek.

X.

From July 28, 2009, through the present, Defendants have repeatedly and knowingly violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of many of their employees of the wages, hours and other conditions of their employment, as prescribed by the regulations issued and found at 29 C.F.R. Part 516, in that, among other things, Defendants' records variously lacked employee names, addresses, dates of birth, daily work hours, weekly work hours, additions or deductions from pay, total wages paid for each pay period, date of payment, and pay period covered by payment.

XI.

Since July 28, 2009, Defendants have repeatedly and knowingly violated provisions of the Act as alleged in paragraphs VII through X above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

XII.

As a result of the violations alleged in paragraphs VII through IX above, amounts are owed to present and former employees, and a judgment granting recovery of the back wages due to these employees, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who

receive actual notice of any such judgment, from prospectively violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

Plaintiff further demands judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due present and former employees.

In the event that back wages and damages are not awarded pursuant to Section 16 of the Act, the Plaintiff demands pursuant to Section 17 of the Act an order enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and any further relief as may be necessary and appropriate.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Linda Thomasson
Acting Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Elizabeth L. Beason
Regional Counsel

A. Scott Hecker
Attorney

BY: Karen Barefield
Attorney
VA Bar No. 42572
U.S. Department of Labor
Office of the Solicitor
1100 Wilson Blvd., 22nd Floor West
Arlington, VA 22209
(202) 693-9376
barefield.karen@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff