UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**MARTIN J. WALSH,**
*Secretary of Labor,*
*United States Department of Labor,*

      Plaintiff,

v.                                                                                                    Civil No. 4:14cv93

**MERRYMAN GROUNDS MAINTENANCE, INC.**

and

**DAVID MERRYMAN,** *individually,*

      Defendants.

## ORDER

This matter is before the Court on a "Certification of Noncompliance" filed by Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor. ECF No. 42. Based on a history of failing to pay employees adequate minimum and overtime wages, Defendants Merryman Grounds Maintenance, Inc. and David Merryman entered into a Consent Judgement with Plaintiff on August 6, 2014, enjoining Defendants from violating Sections 6, 7, and 11 of the Fair Labor Standards Act. ECF No. 2.

Despite that, Defendants repeatedly violated the Consent Judgment over the next three years, causing Plaintiff to file a motion for civil contempt against Defendants on October 23,

2017. ECF No. 3. On February 27, 2019, after Defendants were given multiple extensions to find counsel for Merryman Grounds Maintenance, Inc., the parties filed Joint Stipulations of Uncontested Facts detailing Defendants' violations of the Consent Judgment. ECF No. 34. That same day, the Court entered a Contempt Order against Defendants, requiring Defendants to provide certain payroll documentation to Plaintiff so that Plaintiff could calculate the amount of unpaid wages Defendants owed to their current and former employees. ECF No. 36.

Notwithstanding this obligation, Defendants provided incomplete documentation to Plaintiffs. ECF No. 39, at 3-4. On December 29, 2021, after multiple attempts to obtain more documentation failed, Plaintiff filed a second motion for civil contempt. ECF No. 38. Defendants did not respond to Plaintiff's motion, even after the Court issued a show cause order, ECF No. 40. Based on Plaintiff's uncontested evidence, the Court found Defendants in contempt a second time on February 7, 2022. ECF No. 41.

The second Contempt Order mandated that Defendants (1) provide a list of individuals that Defendants employed between March 1, 2015 and March 22, 2019; (2) produce payroll documentation (or a sufficient alternative) for all individuals that Defendants employed at any point between March 1, 2015 and March 22, 2019; (3) respond to Plaintiff's interrogatories;

2

(4) appear for a deposition with Plaintiff; and (5) pay back wages and liquidated damages, as calculated by Plaintiff ($45,846.80). Id. at 1-3. The second Contempt Order expressly warned that if Defendants did not comply by March 9, 2022, "then following certification by [Plaintiff] that the Defendants have not complied[,] . . . the Court will issue an order that Defendant David Merryman be taken into custody" until Defendants achieve full compliance. Id. at 3.

Once again, Defendants did not comply, and on March 30, 2022, Plaintiff filed a certification of noncompliance recounting Defendants' failure to fulfill their obligations and requesting that Defendant David Merryman be taken into custody. ECF No. 42 (acknowledging that Defendants appeared for a deposition on March 3, 2022, and delivered some documents on March 7, 2022, but revealing that Defendants' submissions were inadequate and that their monetary obligations were not paid). The following day, the Court issued another show cause order, giving Defendants seven days to explain why the Court should not order the United States Marshal to take Defendant David Merryman into custody until he achieves full compliance with the Court's second Contempt Order in the manner articulated in Plaintiff's certification of noncompliance. ECF No. 43. The seven-day period has now expired, and Defendants have yet to respond.

3

Based on Plaintiff's allegations, and recognizing that there is no other viable avenue to secure compliance,[1] the Court **ORDERS** the United States Marshal to take Defendant David Merryman into custody until he achieves full compliance with the Court's second Contempt Order by (1) making full and complete payment of $45,846.80; (2) responding to Plaintiff's interrogatories under oath; (3) producing an employee list; and (4) providing any and all additional time and payroll records, or if such records do not exist, a statement under oath to that effect.[2]  Should Defendants satisfy their non-monetary obligations and make substantial progress on their monetary obligation, the Court may reassess whether less restrictive coercive measures are appropriate.

---

[1] The Court finds that monetary fines are an insufficient coercive sanction since Defendants already owe $45,846.80 in this case and such fact has had no impact on Defendants' compliance. Furthermore, it is well established that district courts have the authority to use detention as a means of coercing compliance in civil cases. See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994) ("The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command.").

[2] Punishment for civil contempt is not appropriate "when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." Hicks ex rel Feiock v. Feiock, 485 U.S. 624, 638 n.9 (1988).  However, according to Plaintiff, "Defendants received rental income for numerous real estate properties owned in the Hampton Roads area" and "testified during the deposition that they owned approximately eighty-eight (88) rental properties." ECF No. 42, at 3 (emphasis added). Moreover, if Defendants do not have the necessary payroll records, they need only provide a statement under oath to that effect to comply.  Thus, it is not "clearly established" that Defendants are unable to comply with the Court's Order.

4

The Clerk is **REQUESTED** to forward a copy of this Order to counsel for Defendants, counsel for Plaintiff, and the United States Marshal Service.

**IT IS SO ORDERED.**

                                                  /s/ *[signature]*
                                                  Mark S. Davis
                              CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April  8 , 2022