IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | |
|---|---|
| MARTIN J. WALSH, <br> SECRETARY OF LABOR <br> UNITED STATES DEPARTMENT OF LABOR, <br> <br> Plaintiff, <br> <br> v. <br> <br> MERRYMAN GROUNDS <br> MAINTENANCE, INC., and <br> DAVID MERRYMAN, individually, <br> <br> Defendants. | Civil Action No. <br> 4:14-cv-00093-MSD-LRL |

## STATUS REPORT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary") submits this Status Report regarding Defendants' compliance with the Court's Second Contempt Order, dated February 7, 2022 (ECF No. 41.)

### I.  Report on Defendants' Compliance with the Court's Orders

On June 13, 2022, the Court released Defendant David Merryman from civil contempt custody and placed Defendant on home confinement via electronic monitoring. (ECF No. 58.) The Court ordered that Defendant remain on home confinement "until Defendants come into full compliance with the Court's Second Contempt Order by (1) fully responding to Plaintiff's interrogatories under oath; (2) producing an employee list; and (3) providing any and all additional time and payroll records, or if such records do not exist, a statement under oath to that effect." (*Id.*)  It is over a month later, and Defendants are still not in compliance with the Court's Second Contempt Order.

**Defendants' Scant Employee List**

The Court has ordered Defendants' production of an employee list (including employee contact information)[1] three times. (ECF No. 36, dated February 27, 2019, First Contempt Order, which orders Defendants to "*produce a list of all individuals Defendants employed* between March 1, 2015 …, including their names, social security numbers, job titles, start dates, end dates (if any), current/last known home address, current/last know telephone number, and current/last known email address"; ECF No. 41, Second Contempt Order, which orders Defendants to "produce an employee list as required by the Court's 2019 Contempt Order"; *see also* ECF No. 58, dated June 13, 2022.) On July 11, 2022, Defendants produced a spreadsheet containing some employee names for the time period 2015 to 2022 but with very limited information. The spreadsheet contained no work hours for any employees, no telephone numbers, a smattering of home addresses for employees, and some employee job titles. (Ex. A, sample pages from Defendants' spreadsheet.)

**Defendants' Cursory Responses to the Secretary's Interrogatories**

In addition, the Court ordered Defendants to fully and substantively answer the Secretary's Interrogatories, which requests that Defendants "[i]dentify all individuals employed by Defendants [from March 1, 2015 through present], including in your response, the name, job title, job duties, date(s) of employment, last known address, last known telephone number, social security number, and last known email address." (*See* ECF No. 39-4, the Secretary's

---

[1] As the undersigned relayed to the Court during the May 20, 2022 hearing in this matter, in the absence of time records, the Wage and Hour Division will contact individuals who performed work for Defendants in order to gather information to determine whether the individuals are owed back wages. Thus, the employee names and contact information are vital to determining the wages owed to Defendants' employees, and to the Secretary's enforcement of the provisions of the Fair Labor Standards Act.

Interrogatories; ECF No. 41, the Second Contempt Order; and, ECF No. 58.). On July 11, 2022, Defendants provided cursory responses to Plaintiff's interrogatories.

**Defendants' Inadequate Document Production**

On July 14, 2022, Defendants produced copies of 2016 handwritten pay checks for some employees. However, Defendants have not produced any additional payroll or other records reflecting hours or pay for their employees since being released. Defendants testified that they employed approximately fifty (50) employees per year since 2015. (Ex. C, Depo. Tr. of Defendants at 40.) Nevertheless, despite the passing of a month, Defendants assert that they have not located any other additional pay records, which creates gaping holes in the Defendants' pay records and hinders the Secretary's ability to determine who may be owed back wages.

**II.      Defendants Should Remain on Home Confinement and Must Exert Diligence in Order to Satisfy Their Court Ordered Obligations**

The Secretary is concerned regarding Defendants' diligence and efforts to comply with the Court's orders. During their deposition Defendants testified that they paid employees via various money application accounts (such as Cash App, Venmo, etc.). Such applications require the recipients' telephone numbers or email addresses. However, Defendants have failed to produce such information. Indeed, such information is required to assess compliance by contacting Defendants' current and former employees.

On July 14, 2022, the Secretary conferred with Defendants' counsel regarding the status of the Defendants' production and compliance with the Court's order. Counsel for Defendants indicated that he intends to address the issue of employee contact information with Defendants in order to provide the required information. Defendants' counsel also relayed that they intend to produce additional financial records from Defendants, which are currently in the possession of Defendants' business counsel.

Thus, Defendants remain non-compliant with the Court's Second Contempt Order. Until Defendants produce the required information, the Secretary submits that in accordance with the Court's June 13th Order (ECF No. 58), Defendant Merryman should remain on home confinement in order to ensure they satisfy their remaining obligations.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>201 12th Street South<br>Suite 401<br>Arlington, Virginia 22202-5450<br>(202) 693-9393 (main voice)<br>(202) 693-9359 (direct voice)<br>(202) 693-9392 (fax) | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>Ryma N. Lewis<br>Wage and Hour Counsel |
| Dated: July 18, 2022 | /s/ Angela H. France__<br>Angela H. France<br>Trial Attorney<br>VA #46862<br>*Counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

   I certify that on July 18, 2022, the foregoing was served upon the following via electronic mail:

Christopher P. Reagan, Esq.
GOLDSTEIN EDGAR & REAGAN
741 J. Clyde Morris Blvd.
Newport News, VA 23601
(757) 873-8773
Reaganlaw@cox.net
*Counsel for Defendants*

                    */s/ Angela H. France*
                    Angela H. France